# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Nelson, and Clark Anderson as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, et al., | Civil No. 20-1679 (DWF/TNL) |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| Andrea Pretasky individually and d/b/a Pretasky Painting, | |
| Defendant. | |

This matter came before the Court without hearing pursuant to Court Order dated February 1, 2021 (Doc. No. 25).

## FINDINGS OF FACT

1.  The Summons and Complaint were filed with the Court on August 3, 2020. (Doc. No. 1).

2.  The Summons and Complaint were served on the Defendant on August 3, 2020. (Doc. No. 5).

3.  Andrea Pretasky ("Pretasky") failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law and specified in the Summons for the Defendant to answer the Complaint lapsed on August 24, 2020.

4.  The Clerk entered default on August 25, 2020. (Doc. No. 9).

5. The Plaintiffs filed their Amended Complaint on November 2, 2020. (Doc. No. 10).

6. The Amended Complaint was served on Pretasky on November 2, 2020. (Doc. No. 11).

7. Pretasky failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law and specified in the Summons for the Defendant to answer the Amended Complaint lapsed on November 16, 2020.

8. The Clerk entered default on November 18, 2020. (Doc. No. 14).

9. Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, and the St. Paul Painting Industry Pension Fund (the "Funds").

10. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

11. The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the

Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

12. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

13. Defendant Andrea Pretasky individually and d/b/a Pretasky Painting accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Minnesota Painting and Wallcovering Employers Association and International Union of Painters and Allied Trades District Council #82 with a stated term of May 1, 2013 through April 30, 2016 ("CBA").

14. The CBA provides it shall remain in full force and effect between the Minnesota Painting & Wallcovering Employers Association, all other signatories hereto and the Painters and Allied Trades District Council No. 82, from May 1, 2013, to and including April 30, 2016, and shall continue from year to year thereafter unless written notice of desire to change, cancel or terminate the CBA is served not less than sixty (60) days and not more than ninety (90) days prior to April 30, 2016, or April 30th of any subsequent contract year.

15. Pretasky remained bound to the CBA through at least April 30, 2021.

16. Pursuant to the CBA, Pretasky agreed to be bound to the terms of the Declaration of Trust for each of the Funds (collectively referred to as "Trust Agreements").

17. The CBA and Trust Agreements require Pretasky to submit monthly contributions to the Funds on an hourly basis for each hour worked by its employees performing work covered by the CBA.

18. The CBA and Trust Agreements require Pretasky to calculate the contributions due and owing to the Funds for any given month on a remittance report form which must be submitted with the monthly payments to the Funds.

19. The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the in which they are due.

20. The CBA and Trust Agreements permit the Trustees for the Funds to, at any reasonable time, have a representative check an employers' payroll, Social Security, withholding, unemployment, and Workers' Compensation records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

21. The Funds' auditor requested that Pretasky as authorized by the CBA and Trust Agreements covering the period of January 1, 2019 through June 2020 ("Audit Period").

22. Following the Trustees' Motion for Default and Injunction and subsequently filed Order to Show Cause, Pretasky produced all requested payroll and employment records for the Audit Period.

23. The Trustees' auditor reviewed the untimely produced records and determined that $773.26 is due and owing for unpaid contributions for the Audit Period.

24. The CBA requires signatory employers like Pretasky to furnish a bond or approved escrow account guaranteeing the employers' the signatory employer's obligation to the Plaintiffs.

25. The CBA provides that in the event an employer does not meet the bonding requirements, the CBA shall become binding personally and individually upon Pretasky for the full and faithful performance of all terms of the CBA.

26. At no time relevant to this litigation did Pretasky comply with the bonding requirements of the CBA. Accordingly, Pretasky is personally liable to the Funds for all amounts determined to be due and owing.

27. The CBA and Trust Agreements provide that any employer, like Pretasky, that fails to make the required contributions shall pay liquidated damages.

28. Liquidated damages in the amount of $83.32 is due and owing for the Audit Period.

29. Pursuant to the CBA and Trust Agreements, Pretasky is liable to the Funds for interest charges on the unpaid contributions and premiums.

30. Interest calculated at the rate prescribed by IRC § 6621 in the amount of $69.79 is due and owing for the Audit Period.

31. The CBA and Trust Agreements further state that delinquent employers are required to pay all court costs, including reasonable attorney and audit fees.

32. The CBA and Trust Agreements provides that if a payment for contributions is not timely submitted to the Funds, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

## CONCLUSIONS OF LAW

1. Pretasky are in default and the Funds are entitled to default judgment.

2. Pretasky is liable to the Funds in the amount of $926.37 for unpaid contributions, liquidated damages, and interest due and owing for the Audit Period.

3. Pretasky is liable to the Funds in the amount of $9,486.10 for reasonable attorneys' fees and costs.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (Doc. No.[38]) is **GRANTED**.

2. That judgment in the amount of $10,412.47 be entered against Defendant Andrea Pretasky and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 22, 2021         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge